## Waldron Estate.

*Wills—Probate — Issue devisavit vel non — Testamentary ca-pacity.*

An issue devisavit vel non on the ground of lack of testamentary capacity will not be granted, where the orphans' court finds on the testimony of the attorney who prepared the will, the doctor who attended him, and business associates of the deceased, that the deceased at the time of the execution of the paper was active in his business, and was president of a bank, and did not lack mental capacity sufficient to make a will.

Argued October 2, 1922. Appeal, No. 12, Oct. T., 1922, by John K. Waldron, an heir of decedent, from order of O. C. Butler Co., refusing issue devisavit vel non, in estate of O. K. Waldron, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from register of wills. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

Issue d. v. n. refused. John K. Waldron, an heir of decedent, appealed.

*Error assigned* was order, quoting record.

*J. R. Henninger* and *S. F. Bowser,* with him *W. Z. Murrin,* for appellant.

*James M. Galbreath,* with him *John H. Wilson* and *Chas. H. Miller,* for appellees.

PER CURIAM, October 20, 1922:

Decedent died December 14, 1917, leaving a will which was admitted to probate by the register of Butler County. Subsequently an appeal was taken to the orphans' court and a petition presented asking that an issue

devisavit vel non be directed to the common pleas to determine "whether the said testator at the time of executing the said alleged will, was of sound, disposing mind, memory and understanding, and whether the said writing purporting to be the will was procured by undue influence," praying that the probate and letters granted be set aside. At the hearing before the orphans' court, and also at the argument in this court, it was admitted the evidence failed to establish undue influence and that the sole question for determination was decedent's mental capacity at the time of making the will. The court below refused an issue and petitioners appealed.

The right of the orphans' court to refuse to grant an issue in cases of this character is well settled: Vogelsong's Est., 196 Pa. 194. As to the mental condition of decedent, an examination of the testimony shows the will was drawn by a reputable member of the Butler County Bar and, according to his uncontradicted testimony, exactly in accordance with instructions received from decedent. While there is testimony to the effect that decedent was in ill health beginning in 1914 and suffered an apoplectic stroke in May, 1915, which was followed by occasional lapses of memory, it falls far short of establishing a want of mental capacity at the time of making the will on March 24, 1916. At that time, it is undisputed he was looking after his farm and oil business, in which he was engaged, and also acting as president of a national bank. These facts and the testimony of the attorney who prepared the will and the doctor who attended decedent, together with that of his business associates, clearly established decedent's mental ability and disproved the contention of a want of testamentary capacity.

The order of the lower court dismissing the appeal and refusing an issue devisavit vel non is affirmed at the costs of appellant.